FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYRONE MENTER, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 05-CV-5653 (DMC) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiff Tyrone Menter's ("Plaintiff") application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), § 204(a), 28 U.S.C. § 2412(d) (2000). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's application for attorney's fees is **granted** in part and **denied** in part.

I.   **BACKGROUND**[1]

Plaintiff filed an application for Supplemental Security Income on December 3, 2002, alleging disability due to a learning disability, nervous conditions, polymyositis and stiffness in his joints. The Commissioner of Social Security (the "Commissioner") denied the claim initially

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

1

and again on reconsideration. Plaintiff filed a timely request for a hearing. On December 7, 2004, a hearing was held before Administrative Law Judge Michal L. Lissek. On January 7, 2005, Judge Lissek issued his Opinion, in which he found that Plaintiff is not disabled. The Appeals Council concluded that there were no grounds for review. Thereafter, Plaintiff filed an action in this Court, challenging Judge Lissek's final decision. On August 15, 2007, this Court affirmed the Commissioner's decision.

Plaintiff then appealed this Court's decision to the United States Court of Appeals for the Third Circuit. The Third Circuit granted the parties' joint motion to remand this case to this Court. On June 16, 2008, this Court granted the parties' consent order to remand to the Commissioner for further administrative action pursuant to 4 U.S.C. § 405(g).

Plaintiff has moved, pursuant to 28 U.S.C. § 2412(d), for attorney's fees and costs in this action against the Commissioner to Plaintiff's *pro bono* counsel, Rutgers Urban Legal Clinic, in the amount of $17,507.81 and costs of $455.00 (49.375 attorney hours at $173.91/hour and 81.1 third-year law student hours at $110.00/hour). The Commissioner argues that Plaintiff's request must be reduced.

II.     STANDARD OF REVIEW

The EAJA permits awards of attorney's fees only to the extent they are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Although counsel are entitled to full compensation for their efforts, '[i]t does not follow that the amount of time actually expended is the amount of time reasonably expended.'" Bunn v. Bowen, 637 F. Supp. 464, 469 (E.D.N.C. 1986) (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1981) (en banc)). If attorney hours are unnecessary, redundant, or inefficient, the court should reduce the hours claimed to

2

reflect a reasonable award. See Ashton v. Pierce, 580 F. Supp. 440, 442 (D.D.C. 1984). The prevailing party's attorneys may assist the court in this regard and indeed should make a good faith effort to exclude fee requests that are excessive. See Hensley, 461 U.S. at 434.

### III.    DISCUSSION

Plaintiff is entitled to attorney's fees pursuant to the EAJA, but the fees, however, that Plaintiff demands must be reduced.  Plaintiff seeks compensation for 124.475 hours, which he claims only represents half of the total time Plaintiff's counsel spent litigating the matter. Defendant argues, however, that Plaintiff's request must be reduced because 124.475 hours spent on a Social Security disability case is excessive considering Plaintiff's counsel's expertise and the case's lack of complexity.

The Court generally agrees with Defendant's objections to the excessive nature of the fee request. This was essentially a routine Social Security case.[2]  Melanie Willette, a law student advocate from the Rutgers Urban Legal Clinic, working under Plaintiff's counsel's tutelege, alleges that she spent seventy-three hours (which was reduced fifty-percent to 36.5) writing and editing a brief.  Plaintiff's counsel allegedly spent 116 hours on the brief in this matter, with fifty-eight hours spent on writing and editing alone after the fifty-percent reduction. Furthermore, Plaintiff claims to have expended more than forty-three hours (reduced fifty-percent to 21.5 hours) merely reviewing and modifying the brief that was drafted by the law student.  Plaintiff's counsel also claims to have spent six hours meeting and conversing with the law student in addition to the time spent reviewing her work.

---

[2] The Court also notes that precisely how much time was devoted to each particular task cannot always be discerned from counsel's time entries, because several tasks are often commingled together in one entry.

While more time may be required of an appeal, particularly when counsel is not retained until the appellate stage, Plaintiff's request is still excessive. As Defendant demonstrates, a number of districts have held that twenty to forty hours is a reasonable expenditure of time for the average Social Security disability case. See, e.g., Gillem v. Astrue, No. 06-6184, 2008 WL 1925302 (D.N.J. 2008); Patterson v. Apfel, 99 F. Supp. 2d 1212 (C.D.Cal. 2000); DiGennaro v. Bowen, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); Godby v. Bowen, No. 86-4009, 1987 WL 17953, *1 (E.D.Pa 1987).

In Gillem – a case from the United States District Court for the District of New Jersey – the Court articulated that the average amount of time that should be spent on a Social Security case is "somewhere in the neighborhood of forty hours" but held that a reduction from 106.25 hours to 62 hours would be an appropriate expenditure of time due to some complexity in the matter. See id. The Gillem Court held that 106.25 attorney and paralegal hours were excessive. See id. at 1-2. Here, as in Gillem, the case is slightly more complex than an ordinary Social Security case, but, as in Gillem, this matter does not merit the amount of attorney's fees that Plaintiff's counsel is requesting. This is essentially a routine Social Security case. The Court recognizes that this matter is an appeal requiring analysis and research of medical facts and issues of administrative law. While these factors certainly increase the complexity of the matter and the amount of time expended somewhat, the factors do not warrant the amount of time requested by Plaintiff in his application for attorney's fees. The amount of hours Plaintiff's counsel requests, even after the fifty-percent reduction, is more than three times greater than the average time spent on an ordinary Social Security case. Specifically, the forty-three hours (reduced fifty-percent to 21.5 hours) spent reviewing and modifying the brief and the additional

six hours spent conversing about the matter are redundant. Parties are expected to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . ." Hensley, 461 U.S. at 434. Because Plaintiff's counsel spent so much time writing and editing the brief, the time spent reviewing and discussing the brief should be considerably less.

Without assuming any fabrication by counsel, the hours claimed certainly denote inefficiencies atypical of such a routine Social Security case, especially one handled by such experienced counsel. See Gillem, 2008 WL 1925302 at *2; Highsmith v. Barnhart, No. 04-801, 2006 WL 1582337, *6 (E.D.Pa. 2006) (holding that when Plaintiff's attorney is experienced in field, Commissioner is entitled to "additional efficiency."). The Court agrees with Defendant that a reasonable expenditure of time in this case would typically be somewhere in the neighborhood of forty hours. Because some complexity resulted from medical facts and administrative law issues, however, this Court finds that Plaintiff's counsel are owed somewhat more than forty hours. Accordingly, this Court finds it prudent to reduce Plaintiff's attorney's fees by fifty-percent (third-year law student hours (81.1 hours X 50% = 40.55 hours) and attorney hours (49.375 hours X 50% = 24.6875 hours) for a total of 65.2375 hours). Therefore, Plaintiff's attorney's fees for the third-year law student are $110.00/hour X 40.55 hours = $4,460.50 and for the attorney, they are $173.91/hour X 24.6875 hours = $4,293.40 for a total of $8,753.90. Therefore, this Court finds that $8,753.90 more accurately reflects reasonable attorney's fees for Plaintiff's counsel in this case. The Court also finds that costs in the amount of $455.00 for the appellate filing fees are both necessary and reasonable.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's request for attorney's fees is **granted** in part and **denied** in part. Pursuant to the EAJA, this Court grants Plaintiff's counsel a total award of $8,753.90 in attorney's fees and $455.00 in costs. An appropriate Order accompanies this Opinion.

                                                                 S/ Dennis M. Cavanaugh
                                                              Dennis M. Cavanaugh, U.S.D.J.

Date:        August  12 , 2008
Orig.:        Clerk
cc:          All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File